UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARPENTER'S DISTRICT COUNCIL OF GREATER ST. LOUIS AND VICINITY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>AUXIER DRYWALL, LLC,<br><br>Defendant. | Case No. 4:12CV00105 AGF |

## MEMORANDUM AND ORDER

Plaintiffs, Carpenters District Council of Greater St. Louis and Vicinity, Terry M. Nelson, Renee Bell, Brian Paluch, John W. Fischer, Michael T. Thuston, Donald J. Brussel, Jr., Scott Byrne, Ken Stricker, Kirk Verseman, Albert Bond, Robert Calhoun, Ron Dicus, Kevin Byrne, Robert Behlman, Dave Marxkors, Keith Taylor, Mike Grigaitis, Robert Wolf, Bob Fritz, and Earl Poe, III, bring this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132, for delinquent fringe benefit contributions and other amounts allegedly owed by Defendant Auxier Drywall, LCC to employee benefit funds affiliated with the Carpenters District Council of Greater St. Louis and Vicinity (the "Plaintiff Funds").

**Background**

Plaintiffs served the complaint and summons on January 19, 2012, but Defendant has not entered an appearance or filed an answer. On May 24, 2012, Plaintiffs filed a

Motion for Entry of Clerk's Default and Motion for Default Judgment against Defendant. (Document No. 4 & 5.) On June 7, 2012, the Clerk of Court entered default against Defendant. (Document No. 7.) As of the date of this Order, Defendant has not filed a response to Plaintiffs' motion for default judgment, and the time to do so has expired.

**Applicable Law**

Default judgments are not favored in the law, and prior to granting a default judgment, a court should satisfy itself that the moving party is entitled to judgment, by reviewing the sufficiency of the complaint and the substantive merits of the plaintiff's claim. *United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993); *Monsanto v. Hargrove*, No. 4:09CV1628 CEJ, 2011 WL 5330674, at *1. (E.D. Mo. Nov. 7, 2011). Entry of default by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b), but whether to grant default judgment is a separate question within the discretion of the Court. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998); *Fingerhut Corp. v. Ackra Direct Marketing Corp.*, 86 F.3d 852, 856 (8th Cir. 1996).

After default has been entered, the defendant is deemed to have admitted all well-pleaded factual allegations in the complaint. *Marshall v. Baggett,* 616 F.3d 849, 852 (8th Cir. 2010) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)); *see also* Fed.R.Civ.P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). However, while factual allegations in the complaint are generally taken as true, those

allegations relating to the amount of damages must be proven. *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *Stephenson v. El–Batrawi*, 524 F.3d 907, 916-17 (8th Cir. 2008) (holding that district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient); *Trustees of the IBEW Local 405 Health & Welfare Fund v. Tichy Elec. Co.*, No. 07 CV-39-LRR, 2008 WL 154641, at *4-5 (N.D. Iowa Jan. 15, 2008) (applying the above principle to a case for delinquent contributions under ERISA).

Pursuant to 29 U.S.C. §1132(g)(2), a plaintiff is entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages totaling twenty percent (20%) of the delinquency, interest, attorneys' fees, and costs. 29 U.S.C. § 1132(g)(2)(E). With respect to damages in an action for delinquent fringe benefit contributions, the findings of a plaintiff's accountant are deemed presumptively valid. In determining the amount of damages for a default judgment in an ERISA case brought by a plan against an employer, the court "may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co.*, 239 F. Supp. 2d 26, 30 (D.D.C.2002) (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

**Analysis**

On May 30, 2001, Defendant executed an agreement, assenting to be bound to the collective bargaining agreement (CBA) with the District Council and the Outstate

Building Contractors, to be effective from 1999 through 2004. (Doc. No. 5-1, ¶2; 5-2.) A new CBA was negotiated between the District Council and the Outstate Building Contractors, effective from 2004 to 2008. (Doc. No. 5-3.) The current agreement between the District Council and the Outstate Building Contractors has been effective since May 7, 2008. (Doc. Nos. 5-1, ¶2; 5-2; 5-3.) No notice of termination has been received from Defendant with respect to any version of the CBA. In addition, after the expiration of the 1999-2004 agreement and the 2004-2008 agreement, Defendant continued to submit reports to the District Council and electronically purchased fringe benefit stamps for its employees. *Id.* "A signature to a collective bargaining agreement is not a prerequisite to finding an employer bound to that agreement," and assent can also be established through conduct manifesting agreement, such as payment of fringe benefit contributions. *Line Const. Ben. Fund v. Allied Elec. Contractors, Inc.*, 591 F.3d 576, 680 (7th Cir. 2010) (quoting *Bricklayers Local 21 of Ill. Apprenticeship & Training Program v. Banner Restoration*, 385 F.3d 761, 767 (7th Cir. 2004)); *see also Carpenters District Council of Greater St. Louis v. Earthman Stair Co., Inc.*, No. 4:08CV1288-D.S., 2009 WL 3763089, at *2 (E.D. Mo. Nov. 10, 2009). Therefore, the Court concludes that Defendant is bound by the current CBA.

Pursuant to the terms of the CBA and the successor agreement, Defendant is required to remit contributions to the Plaintiff Funds. (Doc. Nos. 5-4; 5-5.) Defendant has failed to remit the required contributions and was delinquent with respect to others (Doc. No. 5-1, ¶5.) The terms of the CBA also require delinquent employers to pay 20%

of liquidated damages on delinquent contribution, 10% annual interest, attorneys' fees, and court costs. (Doc. No. 5-1, ¶7.)

Defendant submitted reports of hours worked for the weeks ending November 30, 2011 through April 26, 2012 without making payments as required by the CBA. (Doc. 5-6). Those reports and Plaintiffs' exhibits and affidavits demonstrate that Defendant has failed to pay fringe benefit contributions of $44,847.53 and is liable for liquidated damages of $8,969.51, and interest totaling $895.71. (Doc. Nos. 5-1, ¶7; 5-7.) Upon review of the affidavits and exhibits submitted in support of the attorney's fees and costs, the Court finds that Plaintiffs have incurred $442.50 in attorney's fees, and $405.00 in court costs. (Doc. No. 5-8, ¶3.)

Plaintiffs are entitled to recover all of the principal contributions owed pursuant to the payroll examination, plus liquidated damages, interest, attorney's fees, and costs and have adequately supported their claim for these damages with the affidavits and exhibits on file. *See Contractors, Laborers, Teamsters & Engineers Health and Welfare Plan v. Hooch*, 757 F.2d 184, 189 (8th Cir. 1985); *Trustees of Local 531 Pension Fund v. Flexural Corp.*, 818 F. Supp.2d 585, 592 (E.D.N.Y. 2011); *Trustees of the Minn. Ceramic Tile and Allied Trades Retirement Fund v. Legacy Tile and Marble*, No. Civ. 06-2965 (JNE/SRN), 2008 WL 624120, at *4 (D. Minn. Mar. 4, 2008); 29 U.S.C. §1132(g)(2). On the basis of the record before it, the Court concludes that Plaintiffs are entitled to a judgment in the amount of $55,560.25.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. No. 5) is **GRANTED**. A separate judgment shall accompany this Memorandum and Order.

                                           _/s/ Audrey G. Fleissig_
                                           AUDREY G. FLEISSIG
                                           UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.